OPINION OF THE COURT
Jacqueline W. Silbermann, J.
In this matrimonial action, the plaintiff wife (hereinafter wife) purchased a request for judicial intervention on June 16, *196 1995 and this court signed an order to show cause which set oral argument for July 5, 1995. The parties, through a conference call by their counsel to chambers, consented to adjourn the order to show cause until July 18, 1995. During that call, the court informed counsel that a preliminary conference was required under Uniform Rules for the New York State Trial Courts (22 NYCRR) § 202.16 (f) and counsel agreed that the preliminary conference should be conducted at the same time as oral argument for the order to show cause. Counsel subsequently called to reschedule the July 18, 1995 date and this court permitted a one-time adjournment. The matter was adjourned to a date selected by counsel, August 16, 1995.
On August 16, 1995, the wife appeared in court with her counsel. Defendant husband (hereinafter husband) did not appear although an attorney from his counsel’s office was present. The court confirmed that the preliminary conference was scheduled for that date and it became apparent that defendant was not present as required under 22 NYCRR 202.16 (f). Counsel agreed to submit the pendente lite decision at that time. Upon a review of the papers submitted with respect to the motion, the court notes that defendant did not submit a net worth statement in connection to wife’s pendente lite request for maintenance as well as other financial relief.
This court will no longer tolerate the cavalier attitude which presently exists with respect to attendance at the preliminary conference and with respect to various other aspects of the matrimonial rules. The matrimonial rules went into effect on November 30, 1993. We are quickly approaching the two-year anniversary of the enactment of the rules and as such counsel should be well aware of the content of the rules as of this time. In this matter, the failure to attend is particularly egregious as counsel selected the preliminary conference date and were informed by the court as to the final nature of that date.
Based on the husband’s failure to attend the preliminary conference, the court sets one final date for the preliminary conference. The conference will be held on August 24, 1995 at 2:30 p.m. Counsel shall submit a copy of the retainer agreement and net worth statement as required by the rules at that time. If wife or her counsel fail to appear on that date, a dismissal will result. If husband or his counsel does not appear, the court will assess monetary sanctions, issue an order of preclusion or grant any other pertinent relief it deems appropriate at that time.
The pendente lite motion will be held in abeyance until the preliminary conference so that husband may submit his net *197 worth statement. If husband fails to submit the statement by that date, the court will draw an inference favorable to wife with respect to any disputed fact or issue. (22 NYCRR 202.16 M [5].)